UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ERIC BEGEMAN and KENNETH
WILLIAMS, on behalf of themselves
and those similarly situated,

CASE NO.:

    Plaintiffs,

vs.

STERLING BANK SERVICES, INC.,
a Montana Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, ERIC BEGEMAN and KENNETH WILLIAMS, on behalf of themselves and those similarly situated, sue the Defendant, STERLING BANK SERVICES, INC., a Montana Corporation (hereinafter "Sterling"), and allege:

1. Sterling employs and has employed hundreds of individuals, including Plaintiffs, throughout the country as technicians who service and support ATM machines and other banking equipment throughout the United States. *See* www.sterlingbankservices.com/National_Coverage.html (noting Sterling employs 240 field technicians to serve all continental states and Alaska). These employees are misclassified as exempt and get paid no overtime

1

compensation for the long hours they work on behalf of Sterling. Each of these similarly situated employees are paid some combination of unit pay, mileage pay, salary pay, service pay and other compensation for their work performed by them. Each of these similarly situated employees work overtime on behalf of Sterling performing technician duties but get zero overtime compensation based on Sterling's misclassification of them. As a result of this pay practice, these misclassified employees are entitled to overtime compensation for the overtime hours worked by them for years.

2. Plaintiffs were employees of Defendant and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

3. Plaintiff, ERIC BEGEMAN, worked for Defendant in 2015 as well as currently working for Defendants since March 2016, and is based out of the Atlanta area.

4. Plaintiff, KENNETH WILLIAMS, worked for Defendant from June 2013 to approximately June 2016, and was based out of the Orlando, Florida area.

5. Defendant, STERLING BANK SERVICES, INC., is a Montana Corporation that operates and conducts business throughout the United States, including in the greater Atlanta area and is within the jurisdiction of this Court.

6. Sterling operates a Parts and Operation Center in Cobb County, Georgia.

7. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every field technician who is employed or was employed within the last three (3) years by Sterling.

8. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

9. During Plaintiff's employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

10. During Plaintiff's employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

11. Included in such goods, materials and supplies were computers,

telephones, servers, vehicles, office equipment and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

12. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

13. At all times relevant to this action, Sterling failed to comply with the FLSA by misclassifying Plaintiffs and the other technicians as exempt and by failing to pay overtime compensation to Plaintiffs and the other technicians for overtime hours worked.

14. During their employment with Sterling, Plaintiffs and other technicians routinely worked numerous overtime hours within most workweeks.

15. Plaintiffs and other technicians receive a combination of unit pay, mileage pay, salary pay, service pay and other compensation as their regular compensation for their work performed.

16. However, even though Plaintiffs and other technicians work overtime hours, Sterling does not pay these employees any additional overtime compensation for overtime hours worked.

17. Plaintiffs and the other technicians' primary duties are to repair and perform maintenance on ATM machines and other bank systems.

18. Such work is non-exempt work and Plaintiffs and the other technicians should have been classified as non-exempt employees.

19. Sterling has violated the FLSA by not paying complete time and one-half overtime compensation to its technicians for the overtime hours worked by them.

20. Upon information and belief, the records, to the extent any exist and are accurate, concerning the amounts paid to Plaintiffs and the other technicians are in the possession and custody of Defendant.

21. However, Sterling failed to keep appropriate records under the FLSA related to the total number of hours worked by Plaintiffs and its other technicians in violation of 29 C.F.R. § 516.20.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

22. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-21 above.

23. Plaintiffs and the other technicians are/were entitled to be paid overtime compensation for their overtime hours worked.

24. During their employment with Sterling, Plaintiffs and the other

technicians were misclassified as exempt and were not paid any overtime compensation for overtime hours worked by them for Sterling. *See* ¶¶ 13-19.

25. Sterling did not have a good faith basis for its decision to classify Plaintiffs and other technicians as exempt under the FLSA.

26. As a result of Sterling's intentional, willful and unlawful acts in refusing to pay Plaintiffs and the other technicians overtime compensation, Plaintiffs and the other technicians have suffered damages plus incurring reasonable attorneys' fees and costs.

27. As a result of Sterling's willful or reckless violation of the FLSA, Plaintiffs and the other technicians are entitled to liquidated damages.

28. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, ERIC BEGEMAN and KENNETH WILLIAMS, on behalf of themselves and those similarly situated, demands judgment against Sterling for unpaid overtime compensation, liquidated damages, prejudgment interest to the extent allowed by law, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 17th day of August, 2016.

/s/ C. RYAN MORGAN_____
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email:    RMorgan@forthepeople.com
*Attorneys for Plaintiff*