## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter referred to as "Agreement"), is entered into by and between Ken Williams, on behalf of himself, his heirs, executors, administrators, legal representatives and assigns (hereinafter referred to collectively as "Ken Williams") and Sterling Bank Services, Inc., Nicholas Cockett, Sterling Group, Inc., Cennox, LLC, Cennox, Inc., and their respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of their respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys (hereinafter referred to collectively as "The Released Parties").  Throughout this Agreement, Ken Williams and The Released Parties shall collectively be referred to as the "Parties."  This Agreement shall not in any way be construed as an admission by The Released Parties of any violation of any law or any other liability including common law liability to Ken Williams.

WHEREAS, Ken Williams was employed by The Released Parties; and

WHEREAS, Ken Williams has alleged unlawful employment practices in violation of federal law against The Released Parties by joining a lawsuit titled *Begeman et al. v. Sterling Bank Services, Inc.,* Case No. 1:16-CV-02996-TCB (N.D. Ga.), allegations which the Released Parties vehemently deny;

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1.     The Released Parties agree to pay the total amount of **TWENTY EIGHT THOUSAND TWO HUNDRED SEVENTY SIX DOLLARS AND THIRTY NINE CENTS ($28,276.39),** plus fees and costs as described below, in the manner as follows:

A.      A payroll check in the amount of $3,519.95 made payable to Ken Williams representing unpaid overtime wages.  This amount shall be treated as wages with the applicable taxes and legal deductions made;

B.      A check in the amount of $3,519.95 made payable to Ken Williams, representing liquidated damages.  No deductions shall be made from this check and a Form 1099 shall be issued; and

C.      A check in the amount of $21,236.49 made payable to his attorneys, Morgan & Morgan, P.A., representing the attorney's fees and costs for representation of the entire collective class, which are covered between this payment and the payment made on behalf of Eric Begeman.

2.      Ken Williams agrees that this is a disputed claim and represents that upon receipt of the above-mentioned funds, he will have released his claim for overtime compensation under the Fair Labor Standards Act.  The Parties agree to file an appropriate motion or pleading with the Court to dismiss Ken Williams's claim with prejudice.

3.      By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

4.      Ken Williams agrees not to apply for, solicit, seek or otherwise attempt to obtain or accept employment with, or to provide services in any manner to, the Released Parties. Ken Williams further agrees that the Released Parties shall not be under any obligation to employ or contract with him and that, should any application be made by him, the Released Parties shall not have any obligation to process that application or to hire him and that the failure to process the application or to hire him shall not constitute a violation of any local, state or federal law.

2

5.      Each party shall be responsible for payment of their own attorneys' fees and costs, except as provided in Paragraph 1.

6.      Ken Williams represents and warrants that he is authorized to enter into and that he has the authority to perform the terms of this Agreement. Ken Williams represents and warrants that he has not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims.

7.      If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

8.      This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.  Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

9.      This Agreement is binding on each of the parties and their respective heirs, successors and assigns.

10.     In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity.  The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

11.     This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, without regard to its choice of laws or conflict of laws principles.

12.     Except as expressly provided herein, the parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

13.     The parties acknowledge that each party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement. No ambiguity shall be construed against any party based upon a claim that the party drafted the ambiguous language.

14.     The parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into. The parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

15.     Ken Williams acknowledges that he has been advised to consult an attorney prior to signing this agreement. Ken Williams understands that whether or not he consults with an attorney is his decision. In this respect, Ken Williams has consulted with and been advised by C. Ryan Morgan, Esquire in this matter and is satisfied that Mr. Morgan has provided him excellent legal advice and has explained to him all of his options in connection with this Agreement.

16.     This Agreement, consisting of five (5) pages, is freely and voluntarily entered into by the parties. The parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement. This Agreement may be executed in counter-parts and electronic and facsimile copies shall be treated as originals.

4

** INBOUND NOTIFICATION ; FAX RECEIVED SUCCESSFULLY **

| TIME RECEIVED<br>May 11, 2017 at 3:48:24 PM EDT | REMOTE CSID | DURATION<br>64 | PAGES<br>3 | STATUS<br>Received |
|---|---|---|---|---|

05/11/2017  15:46                                    STAPLES          1032                PAGE  01

Date: ___5/10/17___

Ken Williams

Date: __5/25/17__

Sign:

Print Name: Nick Cockett

**Representative of Released Parties**

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter referred to as "Agreement"), is entered into by and between Curtis Williams, on behalf of himself, his heirs, executors, administrators, legal representatives and assigns  (hereinafter referred to collectively as "Curtis Williams") and Sterling Bank Services, Inc., Nicholas Cockett, Sterling Group, Inc., Cennox, LLC, Cennox, Inc., and their respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of their respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys (hereinafter referred to collectively as "The Released Parties").   Throughout this Agreement, Curtis Williams and the Released Parties shall collectively be referred to as the "Parties."  This Agreement shall not in any way be construed as an admission by the Released Parties of any violation of any law or any other liability including common law liability to Curtis Williams.

WHEREAS, Curtis Williams was employed by the Released Parties; and

WHEREAS, Curtis Williams has alleged unlawful employment practices in violation of federal law against the Released Parties by joining a lawsuit titled *Begeman et al. v. Sterling Bank Services, Inc.,* Case No. 1:16-CV-02996-TCB (N.D. Ga.), allegations which the Released Parties vehemently deny;

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1.     The Released Parties agree to pay the total amount of **EIGHT THOUSAND TWO HUNDRED AND FIFTY SEVEN DOLLARS AND THIRTY THREE CENTS ($8,257.33),** plus fees and costs as described below, in the manner as follows:

A.    A payroll check in the amount of $4,128.67 made payable to Curtis Williams representing unpaid overtime wages.  This amount shall be treated as wages with the applicable taxes and legal deductions made; and

B.    A check in the amount of $4,128.66 made payable to Curtis Williams, representing liquidated damages.  No deductions shall be made from this check and a Form 1099 shall be issued.

2.    Curtis Williams agrees that this is a disputed claim and represents that upon receipt of the above-mentioned funds, he will have released his claim for overtime compensation under the Fair Labor Standards Act.  The Parties agree to file an appropriate motion or pleading with the Court to dismiss Curtis Williams's claim with prejudice.

3.    By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

4.    Curtis Williams agrees not to apply for, solicit, seek or otherwise attempt to obtain or accept employment with, or to provide services in any manner to, the Released Parties. Curtis Williams further agrees that the Released Parties shall not be under any obligation to employ or contract with him and that, should any application be made by him, the Released Parties shall not have any obligation to process that application or to hire him and that the failure to process the application or to hire him shall not constitute a violation of any local, state or federal law.

5.    Each party shall be responsible for payment of their own attorneys' fees and costs, except as provided in Paragraph 1.

2

6.     Curtis Williams represents and warrants that he is authorized to enter into and that he has the authority to perform the terms of this Agreement. Curtis Williams represents and warrants that he has not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims.

7.     If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

8.     This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.  Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

9.     This Agreement is binding on each of the parties and their respective heirs, successors and assigns.

10.     In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity.  The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

11.     This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, without regard to its choice of laws or conflict of laws principles.

12.     Except as expressly provided herein, the parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written

3

representation, promise, warranty or understanding made by any of the parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

13.     The parties acknowledge that each party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement.  No ambiguity shall be construed against any party based upon a claim that the party drafted the ambiguous language.

14.     The parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into.  The parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

15.     Curtis Williams acknowledges that he has been advised to consult an attorney prior to signing this agreement.  Curtis Williams understands that whether or not he consults with an attorney is his decision.  In this respect, Curtis Williams has consulted with and been advised by C. Ryan Morgan, Esquire in this matter and is satisfied that Mr. Morgan has provided him excellent legal advice and has explained to him all of his options in connection with this Agreement.

16.     This Agreement, consisting of five (5) pages, is freely and voluntarily entered into by the parties.  The parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement.  This Agreement may be executed in counter-parts and electronic and facsimile copies shall be treated as originals.

[SIGNATURES ON FOLLOWING PAGE]

4

Date: 5/3/1? _____        _____
                                    **Curtis Williams**

Date: 5/25/17 _____         _____
                                    **Sign:**

                                    **Print Name:** Nick Cockett _____
                                    **Representative of Released Parties**

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter referred to as "Agreement"), is entered into by and between William Whitehouse, on behalf of himself, his heirs, executors, administrators, legal representatives and assigns  (hereinafter referred to collectively as "William Whitehouse") and Sterling Bank Services, Inc., Nicholas Cockett, Sterling Group, Inc., Cennox, LLC, Cennox, Inc., and their respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of their respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys (hereinafter referred to collectively as "The Released Parties").  Throughout this Agreement, William Whitehouse and The Released Parties shall collectively be referred to as the "Parties." This Agreement shall not in any way be construed as an admission by The Released Parties of any violation of any law or any other liability including common law liability to William Whitehouse.

WHEREAS, William Whitehouse was employed by The Released Parties; and

WHEREAS, William Whitehouse has alleged unlawful employment practices in violation of federal law against The Released Parties by joining a lawsuit titled *Begeman et al. v. Sterling Bank Services, Inc.,* Case No. 1:16-CV-02996-TCB (N.D. Ga.), allegations which the Released Parties vehemently deny;

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1.     The Released Parties agree to pay the total amount of **ONE HUNDRED AND FIFTY EIGHT DOLLARS AND SEVENTY NINE CENTS ($158.79),** plus fees and costs as described below, in the manner as follows:

     A.     A payroll check in the amount of $79.40 made payable to William Whitehouse representing unpaid overtime wages.  This amount shall be treated as wages with the applicable taxes and legal deductions made; and

     B.     A check in the amount of $79.39 made payable to William Whitehouse, representing liquidated damages.  No deductions shall be made from this check and a Form 1099 shall be issued.

2.     William Whitehouse agrees that this is a disputed claim and represents that upon receipt of the above-mentioned funds, he will have released his claim for overtime compensation under the Fair Labor Standards Act.  The Parties agree to file an appropriate motion or pleading with the Court to dismiss William Whitehouse's claim with prejudice.

3.     By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

4.     William Whitehouse agrees not to apply for, solicit, seek or otherwise attempt to obtain or accept employment with, or to provide services in any manner to, the Released Parties. William Whitehouse further agrees that the Released Parties shall not be under any obligation to employ or contract with him and that, should any application be made by him, the Released Parties shall not have any obligation to process that application or to hire him and that the failure to process the application or to hire him shall not constitute a violation of any local, state or federal law.

5.     Each party shall be responsible for payment of their own attorneys' fees and costs, except as provided in Paragraph 1.

6.     William Whitehouse represents and warrants that he is authorized to enter into and that he has the authority to perform the terms of this Agreement. William Whitehouse represents and warrants that he has not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims.

7.     If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

8.     This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.  Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

9.     This Agreement is binding on each of the parties and their respective heirs, successors and assigns.

10.    In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity.  The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

11.    This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, without regard to its choice of laws or conflict of laws principles.

12.    Except as expressly provided herein, the parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written

3

representation, promise, warranty or understanding made by any of the parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

13.    The parties acknowledge that each party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement. No ambiguity shall be construed against any party based upon a claim that the party drafted the ambiguous language.

14.    The parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into. The parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

15.    William Whitehouse acknowledges that he has been advised to consult an attorney prior to signing this agreement. William Whitehouse understands that whether or not he consults with an attorney is his decision. In this respect, William Whitehouse has consulted with and been advised by C. Ryan Morgan, Esquire in this matter and is satisfied that Mr. Morgan has provided him excellent legal advice and has explained to him all of his options in connection with this Agreement.

16.    This Agreement, consisting of five (5) pages, is freely and voluntarily entered into by the parties. The parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement. This Agreement may be executed in counter-parts and electronic and facsimile copies shall be treated as originals.

[SIGNATURES ON FOLLOWING PAGE]

4

Date: ___05-09-2017___        William R. Whitehouse R.
                              **William Whitehouse**


Date: _5|25|17___             

                              **Sign:**

                              **Print Name:** NickCockett
                              **Representative of Released Parties**

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter referred to as "Agreement"), is entered into by and between Robert Vivacqua, on behalf of himself, his heirs, executors, administrators, legal representatives and assigns  (hereinafter referred to collectively as "Robert Vivacqua") and Sterling Bank Services, Inc., Nicholas Cockett, Sterling Group, Inc., Cennox, LLC, Cennox, Inc., and their respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of their respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys (hereinafter referred to collectively as "The Released Parties").   Throughout this Agreement, Robert Vivacqua and The Released Parties shall collectively be referred to as the "Parties." This Agreement shall not in any way be construed as an admission by The Released Parties of any violation of any law or any other liability including common law liability to Robert Vivacqua.

WHEREAS, Robert Vivacqua was employed by The Released Parties; and

WHEREAS, Robert Vivacqua has alleged unlawful employment practices in violation of federal law against The Released Parties by joining a lawsuit titled *Begeman et al. v. Sterling Bank Services, Inc.,* Case No. 1:16-CV-02996-TCB (N.D. Ga.), allegations which the Released Parties vehemently deny;

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1.    The Released Parties agree to pay the total amount of **THREE THOUSAND ONE HUNDRED AND TWENTY TWO DOLLARS AND NINETY SIX CENTS (\$3,122.96),** plus fees and costs as described below, in the manner as follows:

A.   A payroll check in the amount of $1,561.48 made payable to Robert Vivacqua representing unpaid overtime wages.  This amount shall be treated as wages with the applicable taxes and legal deductions made; and

B.   A check in the amount of $1,561.48 made payable to Robert Vivacqua, representing liquidated damages.  No deductions shall be made from this check and a Form 1099 shall be issued.

2.   Robert Vivacqua agrees that this is a disputed claim and represents that upon receipt of the above-mentioned funds, he will have released his claim for overtime compensation under the Fair Labor Standards Act.  The Parties agree to file an appropriate motion or pleading with the Court to dismiss Robert Vivacqua's claim with prejudice.

3.   By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

4.   Robert Vivacqua agrees not to apply for, solicit, seek or otherwise attempt to obtain or accept employment with, or to provide services in any manner to, the Released Parties. Robert Vivacqua further agrees that the Released Parties shall not be under any obligation to employ or contract with him and that, should any application be made by him, the Released Parties shall not have any obligation to process that application or to hire him and that the failure to process the application or to hire him shall not constitute a violation of any local, state or federal law.

5.   Each party shall be responsible for payment of their own attorneys' fees and costs, except as provided in Paragraph 1.

2

6.     Robert Vivacqua represents and warrants that he is authorized to enter into and that he has the authority to perform the terms of this Agreement. Robert Vivacqua represents and warrants that he has not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims.

7.     If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

8.     This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.  Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

9.     This Agreement is binding on each of the parties and their respective heirs, successors and assigns.

10.     In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity.  The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

11.     This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, without regard to its choice of laws or conflict of laws principles.

12.     Except as expressly provided herein, the parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written

3

representation, promise, warranty or understanding made by any of the parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

13. The parties acknowledge that each party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement. No ambiguity shall be construed against any party based upon a claim that the party drafted the ambiguous language.

14. The parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into. The parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

15. Robert Vivacqua acknowledges that he has been advised to consult an attorney prior to signing this agreement. Robert Vivacqua understands that whether or not he consults with an attorney is his decision. In this respect, Robert Vivacqua has consulted with and been advised by C. Ryan Morgan, Esquire in this matter and is satisfied that Mr. Morgan has provided him excellent legal advice and has explained to him all of his options in connection with this Agreement.

16. This Agreement, consisting of five (5) pages, is freely and voluntarily entered into by the parties. The parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement. This Agreement may be executed in counter-parts and electronic and facsimile copies shall be treated as originals.

[SIGNATURES ON FOLLOWING PAGE]

4

Date:   5/09/201

_____
Robert Vivacqua


Date:  5/25/17

_____
Sign:

Print Name: Nick Cockett
Representative of Released Parties

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter referred to as "Agreement"), is entered into by and between Dwayne Verrone, on behalf of himself, his heirs, executors, administrators, legal representatives and assigns  (hereinafter referred to collectively as "Dwayne Verrone") and Sterling Bank Services, Inc., Nicholas Cockett, Sterling Group, Inc., Cennox, LLC, Cennox, Inc., and their respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of their respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys (hereinafter referred to collectively as "The Released Parties"). Throughout this Agreement, Dwayne Verrone and The Released Parties shall collectively be referred to as the "Parties." This Agreement shall not in any way be construed as an admission by The Released Parties of any violation of any law or any other liability including common law liability to Dwayne Verrone.

WHEREAS, Dwayne Verrone was employed by The Released Parties; and

WHEREAS, Dwayne Verrone has alleged unlawful employment practices in violation of federal law against The Released Parties by joining a lawsuit titled *Begeman et al. v. Sterling Bank Services, Inc.,* Case No. 1:16-CV-02996-TCB (N.D. Ga.), allegations which the Released Parties vehemently deny;

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1.  The Released Parties agree to pay the total amount of **FOUR THOUSAND AND SEVENTY FIVE DOLLARS AND SEVENTY THREE CENTS ($4,075.73),** plus fees and costs as described below, in the manner as follows:

A.      A payroll check in the amount of $2,037.87 made payable to Dwayne Verrone representing unpaid overtime wages.  This amount shall be treated as wages with the applicable taxes and legal deductions made; and

B.      A check in the amount of $2,037.86 made payable to Dwayne Verrone, representing liquidated damages.  No deductions shall be made from this check and a Form 1099 shall be issued.

2.      Dwayne Verrone agrees that this is a disputed claim and represents that upon receipt of the above-mentioned funds, he will have released his claim for overtime compensation under the Fair Labor Standards Act.  The Parties agree to file an appropriate motion or pleading with the Court to dismiss Dwayne Verrone's claim with prejudice.

3.      By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

4.      Dwayne Verrone agrees not to apply for, solicit, seek or otherwise attempt to obtain or accept employment with, or to provide services in any manner to, the Released Parties. Dwayne Verrone further agrees that the Released Parties shall not be under any obligation to employ or contract with him and that, should any application be made by him, the Released Parties shall not have any obligation to process that application or to hire him and that the failure to process the application or to hire him shall not constitute a violation of any local, state or federal law.

5.      Each party shall be responsible for payment of their own attorneys' fees and costs, except as provided in Paragraph 1.

6.      Dwayne Verrone represents and warrants that he is authorized to enter into and that he has the authority to perform the terms of this Agreement. Dwayne Verrone represents and warrants that he has not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims.

7.      If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

8.      This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.  Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

9.      This Agreement is binding on each of the parties and their respective heirs, successors and assigns.

10.     In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity.  The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

11.     This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, without regard to its choice of laws or conflict of laws principles.

12.     Except as expressly provided herein, the parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written

3